**In re BGNX, INC., f/k/a Biogenix, Inc., Debtor.**

**Bankruptcy No. 86–00667–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

July 6, 1987.

See also, Bkrtcy., 75 B.R. 44.

Michael A. Frank, North Bay Village, Fla., for debtor.

Smathers & Thompson, Joel M. Aresty, Miami, Fla., for proponents W. Robert Morrow and Thomas Dyer.

Irving E. Gennet, Boca Raton, Fla., trustee.

Daniel L. Bakst, W. Palm Beach, Fla., for trustee.

## ORDER DENYING CONFIRMATION AND CONVERTING CASE TO CHAPTER 7

THOMAS C. BRITTON, Chief Judge.

Two competing chapter 11 plans were before the court for confirmation on May 5. The matter has been under advisement pending analysis of the acceptances and rejections of the two plans. I conclude that confirmation must be denied with respect to each plan for reasons discussed below, and I also conclude that the trustee's motion (C.P. No. 102) for conversion of this case (which was also before the court at the confirmation hearing) should be granted.

The competing plans are the debtor's amended plan (C.P. No. 107) and an essentially similar plan submitted by two creditors (C.P. No. 52).

### Failure to Comply with § 1129(a)(9)(C)

Each plan provides deferred payment of a § 507(a)(7) priority tax claim of the United States, which has not accepted either plan and has not agreed to the de-

ferred· payment proposal in either plan. Both plans propose unsecured installment payments over the next six years with interest "at the statutory rate in the Internal Revenue Code as of the date of confirmation". Each plan also provides in a separate class for deferred payment of claims of other governmental units in several states for different tax liabilities all of which constitute priority claims under § 507(a)(7). Only one of these creditors in Florida has accepted either plan. It accepted the debtor's plan and made no response with respect to the creditors' proposal, which is identical with respect to treatment of these class 3 claims.

A plan cannot be confirmed if it fails to meet, inter alia, the requirement of 11 U.S.C. § 1129(a)(9)(C), which permits deferral of priority unsecured claims of governmental units provided the payment not be deferred longer than six years "after the date of assessment of such claim" and provided that the payment be "of a value, as of the effective date of the plan, equal to the allowed amount of such claim".

None of these claims has been objected to and, therefore, all are deemed to have been allowed.

■■ The assessment of the IRS claim preceded the date of bankruptcy. Therefore, the provision for deferred payments over six years commencing upon confirmation exceeds the deferment permitted under this subsection. The statutory rate of interest proposed in each plan is, presumably, the interest rate stipulated for delinquent taxes. The United States is not deemed to have agreed to deferred installment payments of its taxes over the next six years by a bankrupt debtor through the enactment of the statute providing interest upon delinquent taxes. *United States v. Southern States Motor Inns, Inc. (Matter of Southern States Motor Inns, Inc.)*, 709 F.2d 647, 652–53 (11th Cir.1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). In that case, the court held that:

"the interest rate to be used in computing present value of a claim pursuant to § 1129(a)(9)(C) should be the current market rate."

The court makes it clear that it is referring to the current rate for *unsecured* loans.

The current statutory interest rate for delinquent taxes owed the IRS does not equal the current market rate for an unsecured debt to be paid over a six-year term by a bankrupt debtor. I take judicial notice that the current market rate for unsecured loans to borrowers who are not eligible for the prime rate but are acceptable risks substantially exceeds the interest rate provided in the federal statute and that it is doubtful that any market exists for a six-year, fixed interest, unsecured loan to a party proposing to emerge from bankruptcy.

As has already been noted, no interest whatsoever is provided for the deferred claims in class 3. None of these creditors "has agreed" to the proposal specified for it, with the one exception of the Florida claim referred to above. For the foregoing reasons, therefore, neither plan meets the requirements of § 1129(a)(9)(C) with respect to any of the remaining creditors.

■■ The debtor has requested cramdown under the provisions of § 1129(b). I do not further consider this request because the cramdown provision relates solely to the failure of a plan to meet the requirements of § 1129(a)(8). It has no reference to the failure of a plan to meet the requirements of subsection (9).

I have not explored further the extent to which either plan has met or has failed to meet the remaining requirements of § 1129(a), in view of the foregoing failure to meet the mandatory requirement of subsection (9).

**Conversion to Chapter 7 Liquidation**

■■ This case has now been pending since March 1986. Both the debtor and the two creditor plan proponents have had more than ample opportunity to submit a confirmable plan of reorganization. They have fallen far short of doing so. The trustee has requested under § 1112(b) that this case either be dismissed or converted to a chapter 7 liquidation. Pursuant to this

request, the case is converted to chapter 7 under § 1112(b)(5).

None of the plan proponents nor any other party has requested additional time to file another plan or a modification of the plans before the court. In view of the time elapsed and the failure of either plan proponent to obtain consent from more than one governmental unit and the failure of all proponents to obtain the consent of the United States, I would deny additional time if it were requested.

 Chapter 11 provides a reasonable opportunity for corporate reorganization, it does not guarantee reorganization nor does it permit an indefinite suspension of creditors' rights and remedies pending the unsuccessful attempts of any party to effect a reorganization of debt.